Darryl A. Stallworth (SBN: 163719)
THE LAW OFFICE OF DARRYL A. STALLWORTH
A Professional Corporation
2355 Broadway, Suite 303
Oakland, California 94612
Telephone:  (510) 271-1900
Facsimile:  (510) 271-1902
Email:  dstallworth@your-defense.com

Attorneys for Plaintiff
JUAN ALVAREZ

UNITED STATES DISTIRCT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN ALVAREZ, on his own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TARGET CORPORATION, a Minnesota Corporation,<br><br>Defendant. | Case No.:  CV-13-5953<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. **VIOLATION OF CALIFORNIA CIVIL CODE §1798.82;**<br>2. **NEGLIGENCE;**<br>3. **CONCEALMENT;**<br>4. **UNLAWFUL AND UNFAIR BUSINESS PRACTICES, CALIFORNIA BUS. & PROF. CODE §17200,** *et seq.*<br><br>**JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT


Plaintiff JUAN ALVAREZ, individually and on behalf of all others similarly situated, complains and alleges by and through his attorneys, upon personal knowledge and information and belief, as follows:

## JURISDICTION AND VENUE

1. This Court has personal and subject matter jurisdiction over all causes of action asserted herein.
2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(d)(2). In the aggregate, the claims of Plaintiffs and other members of the putative Classes exceed $5,000,000 exclusive of interest and costs and because members of the Classes are citizens of States different from the State of Defendant's citizenship.
3. This Court has personal jurisdiction over Defendant because Defendant is registered and authorized to conduct business in the State of California, and Defendant conducts business in the State of California by operating retail stores within the State and this District.
4. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(1) and (d) as Defendant is a resident of this District. Defendant is registered to do business in the State of California and it has subjected itself to personal jurisdiction and venue by transacting business in this District.

## PLAINTIFF

5. Plaintiff Juan Alvarez ("Alvarez") is an individual and a resident of Sacramento County, California.

## DEFENDANT

6. Defendant Target Corporation ("Target" or "Defendant") is a Minnesota corporation with its headquarters and principal place of business in Minnesota.

## GENERAL ALLEGATIONS

7. Target is one of the largest retailers in the United States, operating over 1,700 stores in the United States.
8. On December 18 and 19, news sources reported that Target's point-of-sale ("POS") systems had been compromised in a massive, nationwide and continuous security breach from November 27 through December 15, 2013. According to these sources, malicious software code had been installed on Target's POS systems, allowing unknown third parties to intercept credit card and

debit card information from cards used by Target customers. Also according to these sources, the compromised information encompassed approximately 40 million credit and debit cards.

9. As reported by news sources, and as subsequently confirmed by Target, the type of data compromised included customer names, credit or debit card numbers, and expiration dates and security ("CVV") codes. This information would allow criminals to manufacture and encode counterfeit cards in order to make fraudulent and unauthorized purchases.

10. According to the security blog krebsonsecurity.com, prior to the public being made aware of the Target security breach, information encompassing hundreds of thousands and potentially millions of compromised credit and debit cards was made available for sale to potential criminals through black-market websites. Potential criminals could even shop for cards based on the ZIP code of the store from which the information was stolen, allowing counterfeiters to use their fraudulent cards in the same geographic area to minimize the risk of being detected.

11. Although Target was aware of the security breach before the news broke to the public, Target did not immediately inform its customers and the public at large. Instead, Target first acknowledged the breach on December 19, 2013, in a statement posted on its corporate website at https://corporate.target.com/discover/article/Important-Notice-Unauthorized-access-to-payment-ca?intc=importantguestinfo

12. In its statement, Target acknowledged the security breach, but asserted that it had "identified and resolved the issue."

13. After news of the security breach became public, some banks and financial institutions placed withdrawal and purchase limits on affected credit and debit accounts, limiting the ability of affected to access their bank and credit accounts.

14. Since news of the security breach became public, Target has acknowledge that, contrary to its initial denials, debit card PIN data was compromised, which could allow criminals to withdraw cash from the bank accounts of Target customers.

15. Plaintiff Alvarez is currently unable to work and receives monthly Social Security disability benefits. These benefits are his only regular source of income.

16. Plaintiff Alvarez does not receive a disability benefits check. Instead, monthly benefits are

added to a Direct Express Debit Mastercard issued by Comerica Bank. This prepaid card is not linked to a bank account. As a result, there is no account that Plaintif Alvarez can access by going to a teller at a bank. The only ways he can access the benefits are to make ATM withdrawals and to use the card to make in-store purchases from merchants that accept debit cards.

17. Plaintiff Alvarez used his Direct Express Debit Mastercard to make purchases at Target during the period of the security breach alleged herein.

18. On December 18, 2013, Plaintiff Alvares received a phone call from Comerica. On that call, Plaintiff Alvarez was informed that his debit card information had been compromised due to the Target Security Breach, and that his Direct Express Debit Mastercard had been cancelled as a result. Plaintiff Alvarez was informed that a replacement card would be mailed to him.

19. As of the date of this Complaint, Plaintiff Alvarez has not received a new card and has been unable to use his old card. Consequently, Plaintiff Alvarez has been unable to access his disability benefits and has been unable to pay for basic necessities of life, including food and medication. Plaintiff Alvarez ultimately had to borrow money from a friend In order to pay for such basic necessities while waiting to access his benefits. That friend obtained money from a payday lender on a short-term, high-interest basis in order to give that money to Plaintiff Alvarez, and Plaintiff Alvarez agreed to repay the principal, as well as costs and interest, after he regains access to his benefits. Plaintiff Alvarez has thus suffered financial loss as a direct, proximate and foreseeable result of the security breach alleged herein.

## CLASS ALLEGATIONS

20. Plaintiff alleges and asserts the claims for relief herein on his own behalf, and further seeks certification of this case as a class action on behalf of similarly situated persons pursuant to Rule 23(b) of the Federal Rules of Civil Procedure.

21. Specifically, Plaintiff requests certification on behalf of the following Classes of persons:

> All persons whose prepaid debit cards were cancelled by the issuer after they were used at Target Corporation stores in the United States from November 27, 2013, though and inclusive of December 15, 2013. Excluded from the Class are Defendant, its officers, directors, employees, affiliates, legal representatives and attorneys, the Judge and staff of the Court to which this matter is assigned, and

the immediate family members of such excluded individuals. (The "Nationwide Class")

And:

All persons whose prepaid debit cards were cancelled by the issuer after they were used at Target Corporation stores in California from November 27, 2013, though and inclusive of December 15, 2013. Excluded from the Class are Defendant, its officers, directors, employees, affiliates, legal representatives and attorneys, the Judge and staff of the Court to which this matter is assigned, and the immediate family members of such excluded individuals. (The "California Class")

22. The claims for relief asserted herein satisfy the prerequisites for certification as a class action pursuant to Federal Rule of Civil Procedure 23(b)(3):

   a. There are questions of law or fact common to the classes;
   b. The claims or defenses of the representative parties are typical of the claims or defenses of the classes;
   c. The representative parties will fairly and adequately protect the interests of the class;
   d. The questions of law or fact common to class members predominate over any questions affecting only individual members; and
   e. A class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

23. <u>Numerosity</u>. The proposed Classes consists an unknown number of individuals likely numbering in the hundreds of thousands or millions such that joinder of individual claims in a single action would be impracticable.

24. <u>Commonality</u>. Plaintiff's and class members' claims raise predominantly common factual and legal questions that can be answered for all class patients through a single class-wide proceeding. For example, to resolve the claims of any member of the Nationwide class, it will be necessary to answer the following factual and legal questions:

   a. Whether Defendant suffered a breach of security of computerized data resulting in the acquisition of unencrypted personal and financial information of Class members;
   b. Whether Defendant unreasonably delayed in notifying Class members of the security breach;
   c. Whether Defendant failed to implement and maintain reasonable measures to prevent the

       type of security breach which occurred;

  d. Whether Defendant's conduct was negligent;

  e. Whether Defendant was aware of an ongoing security breach at the time Class members used debit or credit cards to make purchases at Target stores;

  f. Whether Defendant intentionally failed to disclose an ongoing security breach at the time Class members used debit or credit cards to make purchases at Target stores;

  g. Whether Defendant intended to deceive Class members through such nondisclosure; and

  h. Whether Defendant's acts were willfully, fraudulent and/or oppressive.

In addition, and by way of further example, to resolve the claims of any member of the California class, it will be necessary to answer the following additional factual and legal questions:

  i. Whether Defendant's conduct violated California Civil Code §1798.82; and

  j. Whether Defendant's conduct constituted unlawful, unfair, and/or fraudulent business practices in violation of California's Unfair Competition Law (the "UCL"), Business & Professions Code §17200, *et seq*.

25. <u>Typicality</u>. Plaintiff's claims are typical of Class members' claims because each arises from a common course of conduct by Target.

26. <u>Adequacy</u>. Plaintiff will fairly and adequately protect the interests of the Classes. Plaintiff's interests do not conflict with class interests, and Plaintiff has retained counsel experienced in complex class action litigation to vigorously prosecute this action on behalf of the class.

27. <u>Predominance</u>.  Common questions of law and fact predominate over any questions affecting only individual class members and a class action is superior to individual litigation.

28. <u>Superiority</u>. Under the facts and circumstances set forth above, class proceedings are superior to any other methods available for both fair and efficient adjudication of the rights of each member of the Classes, because joinder of individual members of the Classes is not practical and, if the same were practical, said Class members could not individually afford the litigation, such that an individual litigation would be inappropriately burdensome, not only to said citizens, but also the courts.

29. To process individual cases would both increase the expenses and cause delay not only to Class members, but also to Defendant and the Court.

30. In contrast, a class action of this matter will avoid case management difficulties and provide multiple benefits to the litigating parties, including efficiency, economy of scale, unitary adjudication with consistent results, and equal protection of the rights of each Class member, all by way of the comprehensive and efficient supervision of the litigation by a single court.

31. Notice of the pendency of the action and of any result or resolution of the litigation can be provided to Class members by direct mail, the usual forms of publication, and/or such other methods of notice as deemed appropriate by the Court.

32. Without class certification, the prosecution of separate actions by individual members of the Class described above would create a risk of inconsistent or varying adjudications with respect to individual members of the Classes that would establish incompatible standards of conduct for defendants, and/or adjudications with respect to the individual members of the Classes that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication, or would substantially impair or impede their ability to protect their interest.

33. Defendant has acted or refused to act on grounds that apply generally to the class and certification is therefore proper pursuant to Federal Rule of Civil Procedure 23(b)(2).

**FIRST CLAIM FOR RELIEF**

**Violation of California Civil Code §1798.82**

**By Plaintiffs and California Class Members Against Defendant**

34. Plaintiff re-alleges and incorporates by reference all paragraphs set forth above.

35. The events alleged herein constituted a "breach of the security of [Target's] system" within the meaning of California Civil Code §1798.82(a) and (g).

36. The information lost or disclosed during the events alleged herein constituted unencrypted "personal information" within the meaning of California Civil Code §1798.80(e).

37. Defendant failed to disclose the breach of security of its system "in the most expedient time possible and without unreasonable delay" as required by California Civil Code §1798.82(a).

38. As a result of Defendant's conduct alleged herein, Plaintiff and the Class members have been

damaged by, among other things, loss and disclosure of their personal financial information, expenditure of time and resources to obtain replacement cards in order to access their funds, expenditure of time and resources necessary to contest fraudulent charges, loss of money through fraudulent debit transactions, loss of the time-value of money that they could not access due to cancellation of cards, losses resulting from fraudulent debit transactions, and interest and costs of borrowing resulting from loss of access to their money.

39. Wherefore Plaintiff prays for relief as set forth below.

## SECOND CLAIM FOR RELIEF

### Negligence

### By Plaintiffs and All Class Members Against Defendant

40. Plaintiff re-alleges and incorporates by reference all paragraphs set forth above.

41. During the course of conducting its business, Defendant came into possession of private personal and financial information concerning Plaintiff and the Class members. Because of the fraudulent and criminal use to which such information could be put if acquired by third parties, it was reasonably foreseeable that third parties would attempt to acquire such information. Defendant was further placed on notice of possible security breach due to the prior targeting of other large retailers by criminals seeking to acquire credit and debit card information.

42. Defendant therefore had a duty to exercise reasonable care under the circumstances to prevent any breach of security that would result in the loss, disclosure or compromise of private personal and financial information concerning Plaintiff and the Class members.

43. Defendant also had a duty to exercise reasonable care under the circumstances to detect any breach of that would result in the loss, disclosure or compromise of private personal and financial information concerning Plaintiff and the Class.

44. Once a security breach was detected, Defendant had a duty to exercise reasonable care under the circumstances to notify affected persons in order to minimize potential damage to Plaintiff and the Class due to the loss, disclosure or compromise of their private personal and financial information.

45. As a result of Defendant's conduct alleged herein, Plaintiff and the Class members have been

1  damaged by, among other things, loss and disclosure of their personal financial information,
2  expenditure of time and resources to obtain replacement cards in order to access their funds,
3  expenditure of time and resources necessary to contest fraudulent charges, loss of money through
4  fraudulent debit transactions, loss of the time-value of money that they could not access due to
5  cancellation of cards, losses resulting from fraudulent debit transactions, and interest and costs of
6  borrowing resulting from loss of access to their money.

46. Wherefore Plaintiff prays for relief as set forth below.

### THIRD CLAIM FOR RELIEF

### Concealment

### By Plaintiffs and All Class Members Against Defendant

47. Plaintiff re-alleges and incorporates by reference all paragraphs set forth above.

48. Plaintiff is informed and believes that, on a date presently unknown to Plaintiff but prior to December 15, 2013, Defendant became aware of an ongoing breach of security of its POS system resulting in the loss, disclosure or compromise of private personal and financial information concerning Plaintiff and the Class members.

49. Plaintiff is further informed and believes that, notwithstanding its knowledge of an ongoing breach of security of its POS system, Defendant intentionally failed to inform Plaintiff and the Class that use of credit or debit cards to make purchases at Target stores would result in the acquisition of their private personal and financial information by third parties.

50. Prior to news of the breach breaking on December 18, 2013, Plaintiff and the Class did not know, and could not have known, of the breach of security of Defendant's POS system.

51. Plaintiff further informed and believe that Defendant intended to deceive Plaintiff and the Class.

52. Plaintiff and the Class reasonably relied on such deception in that they used credit or debit cards to make purchases in Target stores when, if they had known of the security breach, they would have either used cash or refrained from making any purchases.

53. Plaintiff and the Class further reasonably relied on such deception in that they refrained from canceling credit or debit cards used to make purchases from Target stores, thereby resulting in further and greater risk of incurring fraudulent and unauthorized charges on their accounts.

54. As a result of Defendant's conduct alleged herein, Plaintiff and the Class members have been damaged by, among other things, loss and disclosure of their personal financial information, expenditure of time and resources to obtain replacement cards in order to access their funds, expenditure of time and resources necessary to contest fraudulent charges, loss of money through fraudulent debit transactions, loss of the time-value of money that they could not access due to cancellation of cards, losses resulting from fraudulent debit transactions, and interest and costs of borrowing resulting from loss of access to their money.

55. Defendant's conduct as alleged herein constitutes oppression, fraud, and/or malice such that Defendant is liable for punitive damages.

56. Wherefore Plaintiff prays for relief as set forth below.

**FOURTH CLAIM FOR RELIEF**

**Unfair Competition Law**

**By Plaintiffs and California Class Members Against Defendant**

57. Plaintiff incorporates and re-alleges all other paragraphs as if fully set forth herein.

58. The conduct of Defendant alleged herein constitutes unlawful and unfair business practices in violation of the UCL, Bus. & Prof. Code §17200, *et seq.*, in that the violations of Civil Code §1798.82 and acts constituting negligence and concealment also constitute unlawful and unfair business practices under the UCL.

59. The conduct of Defendant alleged herein also constitutes fraudulent business practices in violation of the UCL, Bus. & Prof. Code §17200, *et seq.*, in that said conduct was likely to deceive reasonable consumers.

60. Bus. & Prof. Code §17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such violative conduct. As a result of Defendant's conduct alleged herein, Plaintiff and the Class members have been damaged by, among other things, loss and disclosure of their personal financial information, expenditure of time and resources to obtain replacement cards in order to access their funds, expenditure of time and resources necessary to contest fraudulent charges, loss of money through fraudulent debit transactions, loss of the time-value of money that they could not access due to

cancellation of cards, losses resulting from fraudulent debit transactions, and interest and costs of borrowing resulting from loss of access to their money.

61. Wherefore Plaintiffs pray for relief as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests of this Court the following relief, on behalf of themselves and the proposed Class:

    a. An Order certifying the proposed Class under Rule 23 and appointing Plaintiff and his Counsel to represent the Class;

    b. Appropriate injunctive relief and/or declaratory relief, including an order requiring Defendant to cease the conduct alleged herein and to issue all required notices and disclosures to Class members;

    c. Actual damages in an amount to be proven at trial;

    d. Punitive damages in an amount to be proven at trial;

    e. Restitution in an amount to be proven at trial;

    f. Establishment of a fluid recovery fund for payment of damages and/or restitution to Plaintiffs and the proposed Class and for *cy pres* payment of unclaimed funds;

    g. Attorneys' fees and costs of suit as allowable by law;

    h. Such other and further relief as the Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all claims so triable.

DATED: January 9, 2014        Respectfully submitted,

        THE LAW OFFICE OF DARRYL A. STALLWORTH
        A Professional Corporation

        By:    /s/ DARRYL A. STALLWORTH
        DARRYL A. STALLWORTH
        Attorneys for Plaintiff
        JUAN ALVAREZ